

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00247-CR

———————————————

THE STATE OF TEXAS, Appellant

V.

RICHARD OPARE, Appellee

On Appeal from County Criminal Court No. 3
Tarrant County, Texas
Trial Court No. 1470887

Before Sudderth, C.J.; Meier and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Around 2:30 a.m. on September 15, 2015, Christine Hubbell, who was a Pantego police officer at the time, conducted a traffic stop of Appellee Richard Opare and arrested him for driving while intoxicated. Three years later, Opare filed a motion to suppress, arguing that the stop had been illegal because there was insufficient reasonable suspicion or probable cause to support it. During the interim, Hubbell moved out of state.

At the April 13, 2018 suppression hearing, Sergeant Ben Moore, who had been called out to the stop on September 15,[1] testified that by the time he had arrived at the scene, the stop had already occurred. Because he had no independent knowledge of Opare's driving behavior prior to the stop, Sergeant Moore conceded that he was not able to answer questions about what Hubbell's intentions had been in stopping Opare or how she might have perceived in real-time the events on the dashcam video recorded by her patrol car.

The prosecutor then explained to the trial court that Sergeant Moore was at the hearing to authenticate the dashcam video, to which the trial court replied, "[H]ow can he authenticate the video . . . when he wasn't there?" At that point, the

---

[1]Sergeant Moore was no longer with the Pantego Police Department; at the time of the hearing, he worked for the Erath County Sheriff's Office.

prosecutor suggested moving for a continuance[2] and running the suppression motion concurrent with the trial, but the trial court—without admitting the video into evidence—responded, "[L]et's go ahead and just watch the video," and then "sort of informally decide here what to do."

After viewing the video, the trial court concluded that it would be necessary for Hubbell, as the arresting officer, to authenticate the video. The State agreed, adding that the State was willing to subpoena and pay for Hubbell's travel so that she could testify if trial were set. No exhibits were admitted into evidence at the hearing, but the trial court offered to receive briefing and then issue an "advisory" ruling, i.e., "come to a legal conclusion of what might happen at trial if [the State] had the officer here and proved the video up."

Three weeks later, the trial court issued a letter ruling in which, after noting that there was "insufficient evidence present to justify that reasonable suspicion existed for the stop," it granted Opare's motion "in all respects."

---

[2]The record does not reflect that the trial court ruled on the State's verbal suggestion of a continuance or that either party filed a motion for continuance after the hearing. *Cf.* Tex. Code Crim. Proc. Ann. art. 29.02 (West 2006) ("A criminal action may be continued by consent of the parties thereto, in open court, at any time on a showing of good cause, but a continuance may be only for as long as is necessary.").

In a single issue, the State appeals the trial court's order,[3] arguing that the stop was justified because the video showed that Opare committed an offense—failing to signal a lane change—in Hubbell's presence.

Ordinarily, we review a suppression ruling by giving almost total deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor and view the evidence in the light most favorable to the ruling, while reviewing the remaining law-to-fact questions de novo. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). But the record here contains no evidence for our review. The State acknowledges in its brief that the trial court "declined to formally admit the dashcam video into evidence" yet fails to explain how we can therefore consider as evidence materials not included in the appellate record.[4] *Cf.* Tex. R. App. P. 34.1 (defining "appellate record" as the clerk's record and, if necessary to the appeal, the reporter's record).

---

[3]The State may appeal an order in a criminal case granting a motion to suppress evidence. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West 2018).

[4]The State neither complains of error on appeal nor preserved error at trial with regard to the trial court's failure to admit the video into evidence at the hearing.

Because no evidence was admitted to support that Hubbell had reasonable suspicion based on specific, articulable facts to conduct a lawful temporary detention, *see Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010), we overrule the State's sole issue and affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 15, 2018